UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | No. 3:17-cr-00129 (MPS) |
|---|---|
| v. | |
| RAYMOND MCLAUGHLIN | |

**RULING ON DEFENDANT'S OUTSTANDING MOTIONS**

Defendant Raymond McLaughlin was indicted on two counts: (1) corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a); and (2) willfully and knowingly making and using a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the United States government in violation of 18 U.S.C. § 1001. (ECF No. 7 at 1-3.) In particular, the indictment alleges that the defendant mailed "similar packages of materials to the Internal Revenue Service ("IRS") in Austin, Texas and to the United States Department of the Treasury ("Treasury") in Washington, D.C." containing "a number of documents" that "falsely claimed that [the defendant] had paid approximately $332,204" to a Connecticut state judge and to the "Judiciary Courts of the State of Connecticut." (ECF No. 7 at 2.) The indictment also alleges that the defendant knew that the information in these forms was false and that he "stated and declared under the penalties of perjury that he had examined the submissions [on these forms] and that they were true, correct, and complete . . . ." (ECF No. 7 at 3.) I dismissed Count One of the indictment upon the Government's and the defendant's motions in light of the Supreme Court's decision in *Marinello v. United States*, 138 S. Ct. 1101 (2018). (ECF No. 129.) Now before me are the defendant's seven pending motions to dismiss the indictment (ECF Nos. 115, 120, 124,

1

132, 135, 136, 145) and one pending motion to have a default entered against the Government (ECF No. 117). For the following reasons, the defendant's motions are hereby DENIED.

## I. Discussion

### a. Motions Predicated Upon Lack of Jurisdiction

The defendant has filed four motions challenging the indictment on the basis that the Court lacks jurisdiction over him. (*See* ECF Nos. 115, 117, 132, 135.[1]) Two of the defendant's motions in this vein aver that various defects in his birth certificate deprive the Court of subject matter and personal jurisdiction. (*See* ECF No. 132 (averring that the Court lacks subject matter jurisdiction over the defendant because he "was born without Registration and has no legal existence"); ECF No. 135 (oral motion to dismiss for lack of personal jurisdiction due to an error on the defendant's birth certificate)). Another such motion avers that the Court lacks subject matter jurisdiction over the defendant's case because the United States Attorney for the District of Connecticut ("United States Attorney"), the Assistant United States Attorney ("AUSA") prosecuting this case, and the foreperson of the grand jury lacked the capacity to sign the indictment on behalf of the United States of America. (*See* ECF No. 115 (averring that the Court "lacks authority" over the indictment because the United States Attorney, AUSA prosecuting the case, and the "other signer" of the indictment "are not agents for [the] United States of America in this matter").) A fourth motion contends that the "United States of America lacks standing and cannot rightfully invoke the jurisdiction of the court." (*See* ECF No. 120.)

The defendant's contention that the court lacks jurisdiction is a nonstarter. Federal law provides the "district courts of the United States" with "original jurisdiction . . . of all offenses

---

[1] The defendant made the motion docketed as ECF No. 135 at a hearing before me on June 18, 2018.

against the laws of the United States." 18 U.S.C. § 3231. "[I]f an indictment or information alleges the violation of a crime set out in Title 18 or in one of the other statutes defining federal crimes, that is the end of the jurisdictional inquiry." *United States v. Fahnbulleh*, 752 F.3d 470, 476 (D.C. Cir. 2014) (quoting *United States v. George*, 676 F.3d 249, 259 (1st Cir. 2012)). Thus, the fact that the defendant was charged with a federal crime under Title 18—specifically under 18 U.S.C. § 1001—confers subject matter jurisdiction upon this Court. The defendant's motion averring that the Court lacks personal jurisdiction over him is similarly meritless. "It is well settled that a district court has *personal* jurisdiction over any party who appears before it," United *States v. Lussier*, 929 F.2d 25, 27 (1st Cir.1991), as the defendant has done repeatedly in this case. Thus, the Court possesses personal jurisdiction over the defendant by virtue of his presence before it in response to the indictment. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (concluding "district court had personal jurisdiction over [defendant] by virtue of [defendant's] having been brought before it on a federal indictment charging a violation of federal law").

As such, the defendant's motions are denied.

**b. Motion for Default Predicated Upon Lack of Agency**

The defendant has also moved for a default to be entered against the United States on the basis that the United States Attorney and the AUSA prosecuting this case lack the authority to represent it. (*See* ECF No. 117 (moving for a "default" to be entered against the United States of America due to the fact that the United States Attorney and the AUSA prosecuting this case "are not [its] agents").) This argument is meritless. The United States Attorney is empowered by statute to prosecute all offenses against the United States and may proceed against any person upon presentation of charges to a grand jury. *See* 28 U.S.C. § 547 ("Except as otherwise

provided by law, each United States attorney, within his district, shall . . . prosecute for all offenses against the United States . . . ."); U.S. Const. amend. V ("No personal shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . . ."). Thus, this motion is also denied.

   c. **Motions to Dismiss in Light of Dismissal of Count One**

The defendant moves to dismiss the remaining count of the indictment on the basis that it fails to charge him with a violation of 18 U.S.C. § 1001. (*See* ECF No. 136 at 1.)[2] In particular, the defendant contends that the Court's dismissal of count one precludes the Government from establishing that he made a materially false, fictitious, or fraudulent statement or entry to the Internal Revenue Service ("IRS"). (*Id.*). Under 18 U.S.C. § 1001(a), a person commits a federal crime if he or she, "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States knowingly and willfully" "makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry." In order to establish "materiality," the Government must prove that a "statement [has] a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (internal quotation marks omitted). The defendant contends that, in dismissing Count One of the indictment in light of the Supreme Court's decision in *Marinello* (*see* ECF No. 129), the Court effectively concluded that the defendant's statements to the IRS at issue in this case were not material for the purposes of 18 U.S.C. § 1001. (ECF No. 136 at 2.)

---

[2] The defendant's motion also notes that the "court lacks subject matter jurisdiction." (*See* ECF No. 136 at 1.) I reject this contention for the reasons stated above.

4

*Marinello* concerned the scope of a portion of 26 U.S.C. § 7212(a) otherwise known as the "Omnibus Clause." *Marinello*, 198 S. Ct. at 1104. The Omnibus Clause prohibits "corruptly or by force or threats of force (including any threatening letter or communication) obstruct[ing] or imped[ing], or endeavor[ing] to obstruct or impede, the due administration of [the Internal Revenue Code]." 26 U.S.C. § 7212(a). The *Marinello* Court held that "to secure a conviction under the Omnibus Clause, the government must show (among other things) that there is a 'nexus' between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action. That nexus requires a relationship in time, causation, or logic with the [administrative] proceeding." *Id.* at 1109 (internal citations omitted). The *Marinello* Court noted that "administrative proceeding[s]" did not include "routine, day-to-day work carried out in the ordinary course by the IRS, such as the review of tax returns." *Id.* at 1109-10. Count One of the indictment failed to allege such a nexus because it did not contend that the defendant mailed his material to obstruct an ongoing IRS administrative proceeding or that he was aware of any such proceeding. (*See* ECF No. 7 at 2 (alleging that the defendant violated the Omnibus Clause by "mailing and causing to be mailed, similar packages of materials to the Internal Revenue Service in Austin, Texas and to the United States Department of the Treasury in Washington, D.C" enclosing a number of documents containing information that the defendant "knew to be false.").)

This reasoning does not apply to Count Two of the indictment. The fact that the defendant's submissions to the IRS did not have a nexus to an ongoing administrative proceeding does not reflect upon the capability of those statements to influence the IRS and the Treasury. Further, the Supreme Court noted in *Gaudin* that the question of materiality under 18 U.S.C. § 1001, a "mixed question of law and fact, has typically been resolved by juries . . ., involving as it

5

does delicate assessments of the inferences a reasonable [decisionmaker] would draw from a given set of facts and the significance of those inferences to him . . . ." *Gaudin*, 515 U.S. at 512 (internal quotation marks and citations omitted). For these reasons, the question of whether the defendant's submissions were capable of influencing the IRS and the Treasury must be left to the jury. Indeed, an indictment survives a motion to dismiss as long as it alleges the elements of the charged offense and contains enough detail to enable the defendant to plead double jeopardy in a future prosecution based on the same elements. *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998). This indictment expressly alleges materiality, as well as the other elements of 18 U.S.C. § 1001, and contains adequate factual detail. That is sufficient to place the government's allegations before a jury. The defendant remains free, of course, to challenge the Government's proof of materiality before the jury. I therefore deny the defendant's motion.

**d. Motions to Dismiss Count Two Based Upon Wording of the Statute**

The defendant's final pending motion to dismiss attacks Count Two of the indictment on three interlocking bases: (1) that he "never made, used, received, or mailed any false forms . . . ." in violation of 18 U.S.C.§ 1001; (2) that he declared under the penalty of perjury that the forms were "true, correct, and complete" because they were real forms received from the IRS; and (3) that the fact that the forms may have contained falsehoods does not render them "false writing[s] or document[s]." (ECF No. 124 at 1-3.) As noted above, 18 U.S.C. § 1001 forbids "knowingly and willfully . . . mak[ing] or us[ing] any false writing or document [while] knowing the same to contain any materially false, fictitious, or fraudulent statement or entry . . . ." 18 U.S.C. § 1001(3). The statute does not appear to define "false writing or document."

The defendant's interpretation of the statute sinks, however, under the weight of Second Circuit precedent establishing that a false writing or document for the purposes of 18 U.S.C. §

1001(3) encompasses authentic forms containing falsehoods. In *United States v. Burns*, 104 F.3d 529 (2d Cir. 1997), the Second Circuit upheld a defendant's conviction under 18 U.S.C. § 1001(a)(3) for submitting timesheets to the government containing fraudulent statements. *Id.* at 535. Notably, the *Burns* court did not mention any issues regarding the authenticity of the time sheets in question, thus implying that the falsehoods *within* the timesheets drew them within the gravitational pull of 18 U.S.C. § 1001(a)(3). Similarly, in *United States v. Rowland*, 826 F.3d 100 (2d Cir. 2016), the Second Circuit noted that it had "easily concluded [in another case] that a contract was 'false' when it was inconsistent with the true relationship between the parties" and that it had previously found a "contract to be 'false' [under 18 U.S.C. § 1001] when [a] promisor had no intention of complying with [a] promise when making it." *Id.* at 110 (citing *United States v. Mandanici*, 729 F.2d 914, 920 (2d Cir. 1984)). Thus, *Rowland* also suggests that the Second Circuit would consider a document to be "false" if it contained false statements. *See also United States v. Blankenship*, 382 F.3d 1110, 1132 (11th Cir. 2004) ("[A] contract is false [for the purposes of 18 U.S.C. § 1001(a)(3)] if a person forges or alters it . . . [or] if it contains factual misrepresentations."); *United States v. White*, 492 F.3d 380, 396 (6th Cir. 2007) (upholding defendant's conviction for use of a false document under 18 U.S.C. § 1001(a)(3) due to fact that document contained false statement); *United States v. Powell*, 164 F. App'x 720, 723 (10th Cir. 2006) (same).

Further, to the extent this question remains open in light of the Second Circuit precedent noted above, the term "false" is generally defined as not true. *See, e.g.*, "False" Definition, Dictionary.com, http://www.dictionary.com/browse/false?s=ts (last visited June 19, 2018) (defining "false" as "not true or correct; erroneous" and "uttering or declaring what is untrue). This definition speaks to the representations contained within a document, as opposed to the

authenticity of the document itself. To be sure, one can refer to a forgery as a "false" document without deviating from common parlance.³ Even this, however, generally refers to the implicit (and untrue) representation of the authenticity of the document. In any event, the term "false writing or document" is certainly pliable enough to refer to both forgeries and falsehoods. *See Blankenship*, 382 F.3d at 1132 (noting that a contract is "false" for the purposes of § 1001(a)(3) if it is a forgery or if it contains factual misrepresentations).

The defendant also filed what he terms an "amended motion to dismiss" (ECF No. 145), which appears to be an amended version of the motion to dismiss addressed above—i.e. Docket Number 124. (*See* ECF No. 145 (titled "Amendment to Motion to Dismiss Docket Entry #124 Dated May 25, 2018").) The motion advances different arguments than the defendant's previous motion, however, and I will therefore treat it as a separate motion. In his amended motion, the defendant contends that 18 U.S.C. § 1001 does not require proof that a defendant made a false entry but rather merely that the defendant knew that the document in question contains a false entry. (*See id.* ("[T]he plain language of [18 U.S.C. § 1001] shows that 'whoever' only has to know the document to contain a false entry. According to the statute, 'whoever' does not make a false entry [sic]. Knowing that a document contains a false entry is not equivalent to, or the

---

³ The majority of the cases the defendant cites in support of his argument unsurprisingly address the topic of forgery. *See, e.g.*, *United States v. Moore*, 60 F. 738, 739 (N.D.N.Y. 1894) (concluding that forgery statute did not cover making of an affidavit containing falsehoods); *United States v. Glasener*, 81 F. 566, 567 (S.D. Cal. 1897) (same); *Marteney v. United States*, 216 F.2d 760, 763 (10th Cir. 1954) (noting that "[a]s used in criminal statutes, the words 'falsely made' and 'forged' are homogenous"); *Wright v. United States*, 172 F.2d 310, 311 (9th Cir. 1949) (noting with regard to forgery statute that "[a] falsely made instrument is one that is fictitious, not genuine, or in some material particular something other than it purports to be and without regard to the truth or falsity of the facts stated therein"). 18 U.S.C. § 1001 refers to a "false writing or document" rather than one "falsely made."

same as making a false entry on a document." (internal emphases omitted)).) I agree with the defendant that the statutory language does not require the Government to prove that the defendant "made"—i.e. created—the false forms in question. Rather, as the defendant notes in his motion, a person may be convicted under 18 U.S.C.(a)(3) if he or she knowingly and willfully uses a "false writing or document" while "knowing the same to contain any materially false, fictitious, or fraudulent statement or entry." But this does not help the defendant's case. It merely demonstrates that the Government may attempt to prove its case by demonstrating that he knowingly and willfully made *or* used a false writing while knowing the same to contain a materially false statement.

For the reasons stated above, I deny the defendant's motion to dismiss in both its original and amended form.

### e. Future Motions to Dismiss

Pre-trial motions under Rule 12(b)(3) in this case were due on November 3, 2017. (ECF No. 40 at 1.) Since that time, the defendant has filed over ten motions to dismiss. Trial is scheduled for July 18—less than a month from now. The time for filing pretrial motions, including motions to dismiss, has passed. See Fed. R. Crim P. 12(b)(3), 12(c). The defendant is hereby informed that he may not file further motions to dismiss. An exception to this general prohibition will be made for challenges to the Court's subject matter jurisdiction, which may be filed at any time. *See Robertson v. United States*, No. 1:03-CV-1459 (LEK), 2005 WL 1173545, at *3 (N.D.N.Y. May 4, 2005) ("[S]ubject matter jurisdiction can never be waived and requires correction at any time."). This does not mean, however, that the defendant may continue to file motions challenging the Court's jurisdiction on grounds the Court has already rejected. He may

not do so.  Any further motions to dismiss, including those challenging the Court's jurisdiction on grounds already rejected by the Court, will be summarily stricken from the record.

## II.     Conclusion

For the foregoing reasons, the defendant's outstanding motions to dismiss (ECF Nos. 115, 120, 124, 132, 135, 136, and 145) and motion to enter a default against the Government (ECF No. 117) are hereby DENIED.


IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            June 27, 2018