UNITED STATES DISTRICT COURT
District of Connecticut

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| vs. | CASE NO. 3:17CR129 (MPS) |
| RAYMOND MCLAUGHLIN | USM NO: 25410-014 |

*FILED 2019 JAN 30 A 10: 34 US DISTRICT COURT HARTFORD CT*

<u>HENRY K. KOPEL</u>
Assistant United States Attorney

<u>RAYMOND MCLAUGHLIN (self represented)</u>

**THE DEFENDANT**: was found guilty by jury on count **2** of the indictment.

Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 1001(a)(3) | False Statement | April 24, 2014 | 2 |

The Court imposed a non-Guidelines sentence due to the defendant's lack of criminal record and the fact that the Guidelines range was partially loss driven. The Court found that the loss in this case did not capture the most important aspects of the offense and reflected conduct that, though criminal, in most other circumstances is not prosecuted, at least when unaccompanied by the more serious, non-loss-causing conduct that occurred in this case. The Court nonetheless imposed a substantial prison sentence to reflect the serious nature of the non-loss-causing aspects of the offense, which included the harassment of a state court judge. The Court also found that the sentence imposed was sufficient but not greater than necessary to serve the purposes of sentencing — and that the Court would have imposed the same sentence even if its Guidelines calculations had been different —, in light of the defendant's lack of remorse and lengthy and continuing history of acting on his "sovereign citizen" ideology. Finally, the Court imposed a condition of supervised release aimed at curbing the defendant's pattern of frivolous, harassing filings in court and other government agencies, based on the defendant's history and characteristics, including his conduct in this case.

**IMPRISONMENT**
The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of **30** months.

**SUPERVISED RELEASE**
Upon release from imprisonment, the defendant shall be on supervised release for a total term of **3** years.

The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. **Unless you obtain permission in writing from the Court beforehand, you are prohibited from filing claims, liens, lawsuits, notices, or other similar papers with the state court, the federal court, on the land records, or any commercial registry, or with the U. S. Attorney's Office, the Internal Revenue Service, the Treasury Department, or the Connecticut Commission of Revenue Services. This condition does not apply to**

1

   documents legitimately filed in this Court to challenge the defendant's conviction or sentence.

2. You are prohibited from sending correspondence to the U. S. Attorney's Office, the Probation Office, the District Court, or any state or federal prosecutor, judge, or probation officer without permission ahead of time from the Court.

**CRIMINAL MONETARY PENALTIES**
The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

Special Assessment:   $100.00

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all costs and special assessments imposed by this judgment, are paid.

**JUDICIAL RECOMMENDATIONS TO THE BUREAU OF PRISONS**
No recommendations.

January 24, 2019
Date of Imposition of Sentence

/s/ MICHAEL P. SHEA
Michael P. Shea
United States District Judge
Date: 1/30/2019

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1)  You must not commit another federal, state or local crime.

(2)  You must not unlawfully possess a controlled substance.

(3)  You must refrain from any unlawful use of a controlled substance.   You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4)  ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5)  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6)  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

3

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
           Defendant                                                                                          Date

_____    _____
U.S. Probation Officer/Designated Witness                                            Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
    Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                     Brian Taylor
                                        Acting United States Marshal

By _____
                       Deputy Marshal

4