UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
'19 MAR -4 P 3:16
US DISTRICT COURT
HARTFORD CT

UNITED STATES OF AMERICA                3:17-CR-00129-MPS-1(MPS)

v.

RAYMOND McLAUGHLIN                      MARCH 1, 2019

### Nunc Pro Tunc Memorandum of Law

1. Pursuant to the common-law of trespass and Amendment IV, I now March 1, 2019 motion this Court for then June 8, 2017, to dismiss the indictment because Henry Kopel ("Kopel"), Michael Dragon ("Dragon") and Christopher Gus ("Gus") common-law trespassed upon my indefeasible personal rights of lawful possession and control of my name, my person and my Social Security Account, No.: 042-86-xxxx and my right to exclude them, in violation of the common-law of trespass and Amendment IV.

### Standard

2. "The common-law of trespass recognizes the interest in possession and control of one's property and for that reason permits exclusion of intruders." Oliver v. United States, 466 US 170, 104 S. Ct. 1735, 80 L.Ed.2d 214 (1984); Prosser & Keeton 75. The people's indefeasible personal rights in their persons, houses, papers and effects are specially protected by Amendment IV. Amendment IV.

### Grounds for Relief

-1-

3. On, and since January 25, 1973, I the sole and rightful owner of my name, Raymond Winston McLaughlin, have been in lawful possession and control of my name and possess the right to exclude.

4. On, and since January 25, 1973, I the sole and rightful owner of my person, have been in lawful possession and control of my person and possess the right to exclude.

5. In 1990, and since that time, I the sole and rightful owner of my Social Security Account, No.: 042-86-xxxx which was established for Raymond Winston McLaughlin, have been in lawful possession and control of my Social Security Account, No.: 042-86-xxxx and possess the right to exclude.

6. On June 8, 2017, Kopel common-law trespassed upon my indefeasible personal rights of lawful possession and control of my name Raymond McLaughlin and my Social Security Account, No.: 042-86-xxxx and my right to exclude him when he charged Raymond McLaughlin, 042-86-xxxx with violating 18 U.S.C. 1001.

7. Kopel had no license from me to use and charge my name Raymond McLaughlin and/or use my Social Security Account, No.: 042-86-xxxx, an unique numerical identifier and highly restricted private information, which belongs to, and privately identifies only me.

8. On June 8, 2017, Dragon and Gus common-law trespassed upon my indefeasible personal rights of lawful possession and control of my person and my right to exclude them when they invaded said rights by prohibiting me, with force, from exerting exclusive control of, and over my person for approximately ten (10) hours during which I was taken from Hartford to the Federal Building in New Haven and then back to Hartford. Neither Gus nor Dragon had a license from me for their actions.

9. The actions of Kopel, Dragon and Gus constitute common-law trespass because I had already been in lawful

5.

possession and control of my name, Raymond McLaughlin, my person and my Social Security Account, No.: 042-86-xxxx prior to, and on June 8, 2017. And, because "every individual has a property right in his own person" and effects, Second Treatise of Civil Government, Section 27 (1690); Carpenter v. United States, 585 US 138 S. Ct. 2206, 201 L.Ed.2d 507, 2018 U.S. Lexis 3844 (2018); "every invasion of private property, be it ever so minute, is a common-law trespass." Boyd v. United States, 116 US 616, 630 29 L.Ed 746, 6 S. Ct. 524 (1886); see also Id. Oliver ("No Amendment IV violation, however trespass at common-law.")

10. Thus, because "one who owns or lawfully possesses or controls property, has the right to exclude," 2 W. Blackstone Commentaries on the Laws of England, Ch. 1.; Byrd v. United States, 138 S. Ct. 1518; 200 L.Ed.2d 805; 2018 U.S. Lexis 2803; 86 U.S.L. W. 4265; 27 Fla. L. Weekly Fed S. 250 (2018), "American law holds the property of every man so sacred that no man can set his foot upon my ground without my license and if he does, he is a trespasser." Entick v. Carrington, 19 How St TR 817, 95 Eng Rep 807 (1765); Jones v. United States, 565 US 400, 411, 132 S/ct. 945, 181 L.Ed.2d 911 (2012); Florida v. Jardines, 569 US 1, 133 S.Ct. 1409, 185 L.Ed.2d 495, 2013 U.S. Lexis 2542 (2013); Id. Boyd.

11. Consequently, Kopel, Dragon and Gus are subject to criminal sanctions for their actions of common-law trespass. Rakas v. Illinois, 439 US 128, 138-143, 99 S. Ct. 421, 58 L.Ed.2d 387 (1978); Id. Oliver.

12. Kopel, Dragon and Gus' misconduct of common-law trespass upon my indefeasible personal rights of lawful possession and control of my name, my person and my Social Security Account No.: 042-86-xxxx, and my right to exclude them; violated the law of common-law trespass and Amendment IV to the United

6.

STATES CONSTITUTION WHICH CAUSED A DE FACTO INJURY TO ME.

13. IN SUMMARY, I AM THE SOLE AND RIGHTFUL OWNER OF MY NAME, RAYMOND McLAUGHLIN; MY PERSON; AND MY SOCIAL SECURITY ACCOUNT, No.: 042-86-XXXX. KOPEL, DRAGON AND GUS, WITHOUT MY LICENSE, AUTHORIZATION, OR PERMISSION HAVE NO JUSTIFICATION OR EXCUSE FOR COMMITTING COMMON-LAW TRESPASS UPON MY SACRED, INDEFEASIBLE PERSONAL RIGHTS OF LAWFUL POSSESSION AND CONTROL AND MY RIGHT TO EXCLUDE THEM.

14. FOR THE REASONS HEREIN, THE INDICTMENT MUST BE DISMISSED.

RESPECTFULLY SUBMITTED,

_Raymond_
RAYMOND McLAUGHLIN

CERTIFICATE OF SERVICE

A COPY OF THIS MEMORANDUM OF LAW WAS MAILED ON MARCH 1, 2019 TO:

HENRY KOPEL, US ATTORNEY
157 CHURCH ST, 25TH FLOOR
NEW HAVEN, CONNECTICUT 06510

_Raymond_
RAYMOND McLAUGHLIN

7.