UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAYMOND MCLAUGHLIN,

    Defendant.

No. 3:17CR129 (MPS)

## LEAVE-TO-FILE INJUNCTION

The Court imposes a Leave-To-File Injunction as to Mr. McLaughlin for the reasons that follow.

I.    Procedural History

Mr. McLaughlin was convicted in this Court for knowingly and willingly giving a false statement in violation of 18 U.S.C. § 1001(a)(3). The Court sentenced Mr. McLaughlin to thirty months of incarceration and three years of supervised release.

Mr. McLaughlin has filed numerous patently meritless filings arguing, inter alia, that his conviction should be vacated because it was "acquired as a result of common-law trespass" in that he was the "sole and rightful owner" of his person. See, e.g., ECF 229, 233, 240, 253, 259. On February 19, 2019, the Court issued an Order explicitly warning Mr. McLaughlin

> that further frivolous filings in this case may result in sanctions, including an injunction requiring the plaintiff to obtain leave of the Court before filing any additional documents on the docket. See In re Martin Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) (Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.); see also Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996) (stating that a district court may impose sanctions against litigants who abuse the judicial process).

(ECF 260.)

Mr. McLaughlin was undeterred. On April 22, 2019, the Court entered another Order stating that

> Mr. McLaughlin filed seven other documents since the Court's 260 order regarding frivolous filings. See ECF Nos. 264, 265, 266, 267, 268, 269, and 270. These documents repeat the same arguments previously denied. See, e.g., ECF No. 269 at 1 ("Raymond McLaughlin is not a person; Raymond McLaughlin is a name... [t]he Fourth Amendment holds that United States has all rights and interest in the name Raymond McLaughlin and the people possess all rights and interest in his person... Whereas, Raymond McLaughlin is a name and not a person, Raymond McLaughlin is not, was never attached to, and cannot be presumed to be attached to my person... you are commanded to immediately ensure that the people and his person are no longer at the above noted location."); ECF No. 270 at 2 ("It is unlawful and a violation of the Fourth Amendment for United States to possess my person... The offense was committed by the title Raymond McLaughlin which exists in the public; and which was properly charged according to the indictment. Consequently, United States, its agents, employees and/or officers only have authority over the title Raymond McLaughlin.").
>
> The Court further stated:
>
> "[t]he equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute." Matter of Hartford Textile Corp., 681 F.2d 895, 897 (2d Cir. 1982); see also In re Martin Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) (Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.); Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996) (stating that a district court may impose sanctions against litigants who abuse the judicial process).
>
> Because Mr. McLaughlin has continued to file frivolous documents after the Court's notice that such behavior might result in sanctions, see ECF No. 260, Mr. McLaughlin is hereby ordered to show cause as to why the Court should not impose a leave-to-file injunction. Specifically, Mr. McLaughlin shall have 30 days to file a response explaining why the Court should not impose an injunction requiring him to obtain leave of the Court before filing any additional documents on the docket. If Mr. McLaughlin does not respond or his response does not show why sanctions are inappropriate, the Court will issue a leave-to-file sanction. See Viola v. U.S., 481 Fed. Appx. 30, 31 (2d Cir. 2012) ("[T]he procedure for imposing leave-to-file sanctions involves three stages: (1) the court notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, the court orders the litigant to show cause as to why a leave-to-file sanction order should not issue; and (3) if the litigant's response does not show why sanctions are not appropriate, the court issues a sanctions order.") (internal quotation marks and citation omitted). The Court notes that such an injunction will not prevent the

defendant from prosecuting his appeal, which is pending at the Court of Appeals, inasmuch as he has no need to file documents in this Court in order to do so.

(ECF 272.)

Notwithstanding, Mr. McLaughlin thereafter moved to dismiss the criminal case on the grounds that the court lacked personal and subject matter jurisdiction. (ECF 279.) The Court denied the motion, explaining - again - why such arguments are untenable. (ECF 280.)

Since that time, Mr. McLaughlin's meritless and often incoherent filings have continued unabated. Styled variously as letters to the Court, to the Warden or "Notices," Mr. McLaughlin asserts that the case number "is no longer attached to [his] name" because he has "assigned" it to the District Court [ECF 282, 283]; that as a debtor, he has "released and discharged of all debts including the debt owed in this matter" [ECF 284, 285]; that the court "lacked subject matter jurisdiction" because "I McLaughlin Raymond Winston Estate am not a legal entity" and "can neither sue nor be sued" [ECF 293]; that "I, McLaughlin Raymond Winston Estate-Jamaica Registrar General Register Number HC 8322" have filed a "note in the amount of seventy five million dollars payable to the United States for the outstanding debt in [this] case" [ECF 286, 287]; and that "McLaughlin Raymond Winston Estate did not authorize District Court of Connecticut (Case 3:17cr129(MPS)); U.S. Department of Justice; Federal Bureau of Prisons; or Federal Correctional Institution to Demand or Receive any credit. Any credit demanded or received by any of the above listed corporations was unauthorized and subterfuge." [ECF 289.] Mr. McLaughlin's other filings include a "Judgment of Dismissal [b]y order of McLaughlin Raymond Winston Estate-Jamaica General Register Number HC 8322-Holder of Title to the body of McLaughlin Raymond Winston Estate evidenced in 'Application for Live Birth' at said register . . . ." [ECF 288, 291]; a "Certificate of Foreclosure" [ECF 290]; a "Notice of Acceptance of Full Responsibility" which requests that the "charge against Raymond Winston McLaughlin be

3

discharged and that McLaughlin Raymond Winston Estate be charged with same" [ECF 292]; and an "Order for Release" because "I Estate of Raymond Winston McLaughlin have repossessed; legally reunited with; redeemed; and resurrected my body – body of Raymond Winston McLaughlin" and "[t]here exists no reason to further imprison the body of Raymond Winston McLaughlin." [ECF 294]. See also ECF 295, "Affidavit of Repossession/Reunion/Resurrection/Redemption/Release of the Body of Raymond Winston McLaughlin."

None of Mr. McLaughlin's filings respond to the Court's April 22, 2019 Order directing him to show cause why the Court should not impose a leave-to-file injunction. [ECF 272].

II. Discussion

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re Martin Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984). "That the district court possesse[s] the authority to enjoin [a litigant] from further vexatious litigation is beyond peradventure." Safir v. U.S. Lines, Inc., 792 F.2d 19, 23 (2d Cir. 1986). In determining whether to exercise that authority, the Court is required to consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Id. at 24. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id.

The Court finds as follows:

1. As to the first factor, Mr. McLaughlin has filed a barrage of documents, notices, and orders in his criminal case. In addition, he has commenced civil actions in this District in which he raises the same meritless challenges to his arrest, criminal prosecution, and conviction. See McLaughlin v. Gus et al, 3:19CV228(MPS), McLaughlin v. USA, No. 3:19CV51(MPS), McLaughlin v. United States et al, No. 3:18CV2063(MPS), McLaughlin v. USA, No. 3:18CV1888(MPS), McLaughlin v. USA, No. 3:18CV1985(JCH).

2. As to the second factor, Mr. McLaughlin lacks an "objective good faith expectation of prevailing." Safir, 792 F.2d at 24. Mr. McLaughlin's filings repeat the same meritless arguments and theories. He has ignored the Court's orders stating that his arguments are frivolous. See ECF 260, 272. Mr. McLaughlin's motivation in pursuing the litigation cannot be said to be in good faith.

3. As to the third factor, Mr. McLaughlin is self-represented.

4. Mr. McLaughlin's pattern of vexatious and meritless filings has caused needless expense to other parties and an unnecessary burden on the court and its personnel. Safir, 792 F.2d at 24.

5. Other sanctions would not be adequate to protect the court and other parties. The record demonstrates that despite the Court's clear and unequivocal warnings, Mr. McLaughlin has continued to file meritless documents. The February 19, 2019 Order [ECF 260] put Mr. McLaughlin on notice that future frivolous filings were prohibited. He continued to file. See ECF ##263-271. Despite notice and ample opportunity, Mr. McLaughlin did not file a response to the Court's April 22, 2019

Order to Show Cause "explaining why the Court should not impose an injunction requiring him to obtain leave of the Court before filing any additional documents on the docket." He did, however, file 22 other documents challenging his conviction and seeking release. See ECF ##273-276, 278-279, 281-295. Nothing less than a permanent filing injunction would be adequate to protect the courts and other parties .

Four of the five Safir factors weigh in favor of issuing a leave-to-file injunction. Mr. McLaughlin has a demonstrated history of frivolous and vexatious litigation and is "likely to continue to abuse the judicial process and harass other parties." Safir, 792 F.2d at 24. His abuse of the judicial process cannot be countenanced and a filing injunction is warranted. Accordingly, it is hereby **ORDERED** that

Mr. McLaughlin is **PERMANENTLY ENJOINED** from:

**(1) bringing any future case in the District of Connecticut regarding his arrest, prosecution, or conviction and**

**(2) filing any papers in the District of Connecticut or serving upon any person, natural or legal, or any other entity, any document, motion, affidavit, declaration, or other paper in connection with any case previously filed or currently pending in the District of Connecticut regarding his arrest, prosecution, or conviction**

**unless he first obtains the Court's permission.**

**In seeking leave of the Court, Mr. McLaughlin or any individual or entity acting for him, or at his behest, shall:**

1. **file a motion of no more than 3 pages captioned "Application Pursuant to Court Order Seeking Leave to File." He shall attach to his motion as "Exhibit 1" the complaint or document he seeks to file. He shall also attach as "Exhibit 2" to the motion an affidavit or a declaration pursuant to 28 U.S.C. § 1746 of no more than 3 pages certifying whether he has previously raised in any court, agency, tribunal, committee, or other forum the claim(s) he wishes to present. He shall also attach as "Exhibit 3" to the motion a copy of this Order.**
2. **This requirement shall not apply to notices of appeal.**

**The Clerk of the Court shall not file any submission from Mr. McLaughlin of any kind (with the sole exception of a notice of appeal from this order) but shall first provide such document to the assigned judge to determine whether it violates this Order. If Mr. McLaughlin seeks to pursue his rights in any other federal district, he shall attach a copy of this Order to any such filing.**

**Failure to comply with this Order will be sufficient grounds for this Court to deny any motion by Mr. McLaughlin for leave to file.**

Nothing in this Order shall be construed as denying Mr. McLaughlin access to the United States Courts of Appeals.

Mr. McLaughlin may file an appeal of this order to the Court of Appeals.

              IT IS SO ORDERED.

              _____/s/_____
              Michael P. Shea
              United States District Judge

Dated:   Hartford, Connecticut
       October 25, 2019